UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY SCOTT BERINGER,

        Plaintiff,

    v.

TANG, *et al.*,

        Defendants.

Case No.  2:26-cv-0148-JDP (P)

ORDER; FINDINGS AND
RECOMMENDATIONS

Plaintiff, a state prisoner, brings this action alleging that defendants failed to protect him, denied him the right to practice his religion, and failed to safeguard transgender rights.[1]  ECF No. 1 at 3-5.  Before this action can proceed, however, plaintiff must pay the filing fee because he is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g).  Plaintiff has had at least three cases dismissed for failure to state a claim upon which relief can be granted.  The court takes judicial notice of the following cases constituting strikes: (1) *Berringer v. Salinas Valley State Prison, et al.*, No. 06-cv-02839-CW (N.D. Cal. Nov. 1, 2006) (dismissed as duplicative and abusive) ; (2) *Berringer v. California Dep't of Corrections*, No. 07-cv-03353-CW (N.D. Cal. July 13, 2007) (dismissed as duplicative and abusive); (3) *Berringer v. Salinas Valley State Prison, et*

---

[1] The complaint does not indicate what pronouns plaintiff would prefer or whether there is a different name that should apply.  Plaintiff may indicate as much in future filings.

1

*al.*, No. 06-cv-00270-CW (N.D. Cal. Jan. 8, 2008) (dismissed for failing to state a claim upon which relief may be granted); (4) *Berringer v. Meza*, et al., No. 11-cv-1439-PJH (N.D. Cal. July 5, 2011) (duplicative).  Other courts have relied on these dismissals to find that plaintiff is a "three-striker."  *See, e.g.*, *Berringer v. Perssons*, No. 11cv1618 AJB (BLM), 2011 U.S. Dist. LEXIS 92920, *5-6 (S.D. Cal. Aug. 18, 2011); *Berringer v. Uriate*, No. 1:18-cv-00269-AWI-GSA, ECF Nos. 12 & 26.

Plaintiff might be entitled to proceed *in forma pauperis* in spite of this status if he alleged that he was in imminent danger.  The claims do not make such an allegation, however.  Plaintiff raises three separate and unrelated claims.  First, he vaguely alleges that defendants have failed to protect him from other inmates, but these allegations appear to relate to a period before the complaint was filed, in December 2025, and do not implicate any threat of imminent danger.  ECF No. 1 at 3.  Second, he alleges that he has been denied the opportunity to practice his Buddhist religion.  *Id.* at 4.  Third, he alleges that defendants have failed to safeguard transgender rights, but this claim does not appear to implicate any physical threat.  *Id.* at 5.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

2

IT IS SO ORDERED.


Dated:    February 27, 2026                    _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE